FILED

NOV 02 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR D. MOLINA,<br><br>  Petitioner,<br><br>  v.<br><br>WILLIAM MUNIZ,<br><br>  Respondent. | Case No. 16-cv-00207 LHK (PR)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Liberally construed, the court found that petitioner's petition stated cognizable claims for relief, and ordered respondent to show cause why the petition should not be granted. Respondent has filed a response. On June 27, 2016, the court granted petitioner's motion to amend his petition to include additional claims, and directed petitioner to file his amended petition. Petitioner has filed a traverse, as well as an amended petition. Because an amended petition supersedes the original petition, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), the court strikes respondent's answer and petitioner's traverse, and orders the respondent to

Case No. 16-cv-00207 LHK (PR)
ORDER TO SHOW CAUSE

1

show cause why the amended petition should not be granted.

## DISCUSSION

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B. <u>Petitioner's claims</u>

In the amended petition, petitioner claims that: (1) the trial court erroneously found petitioner competent to stand trial; (2) the evidence was insufficient to sustain all four murder convictions; (3) the trial court improperly precluded petitioner's mother from testifying about petitioner's good character; and (4) the trial court failed to instruct the jury with CALJIC No. 6.22 – conspiracy, and both trial and appellate counsel were ineffective for failing to raise this claim; and (5) petitioner's appellate counsel rendered ineffective assistance by failing to raise a claim that there was insufficient evidence to corroborate the accomplices' testimonies. Liberally construed, petitioner has stated cognizable claims for relief. The court orders respondent to show cause why the amended petition should not be granted as to these claims.

Petitioner has also raised the claim that there was insufficient evidence to corroborate the accomplices' testimonies. However, this court's duty is not to address whether the accomplices'

Case No. 16-cv-00207 LHK (PR)
ORDER TO SHOW CAUSE

2

testimonies were properly relied upon. Under California law, a conviction may not be based on the testimony of an accomplice unless it is corroborated by other evidence connecting the defendant with the commission of the crime. Cal. Penal Code § 1111. Whether the evidence satisfied California Penal Code § 1111 is largely beside the point here because a federal habeas court cannot grant relief based on a violation of state law. *See Laboa v. Calderon*, 224 F.3d 972, 979 (9th Cir. 2000) (recognizing that California Penal Code section 1111 is a state law requirement); *see also Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The federal due process standard is less stringent than California Evidence Code § 1111. Under federal law, "uncorroborated testimony of an accomplice is sufficient to sustain a conviction unless it is incredible or insubstantial on its face." *United States v. Necoechea*, 986 F.2d 1273, 1282 (9th Cir. 1993); *United States v. Turner*, 528 F.2d 143, 161 (9th Cir. 1975) ("a conviction may be based on the uncorroborated testimony of an accomplice."). Indeed, the U.S. Supreme Court recognized long ago that "there is no absolute rule of law preventing convictions on the testimony of accomplices if juries believe them." *Caminetti v. United States*, 242 U.S. 470, 495 (1917); *Jones v. Arnold*, 593 Fed. Appx 674, 674-75 (9th Cir. 2015) (unpublished memorandum disposition). Petitioner's claim that uncorroborated accomplices' testimonies were improperly used to support his convictions is based solely on a perceived error of state law and is therefore not cognizable on federal habeas review. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."). Accordingly, this claim is DISMISSED with prejudice.

## CONCLUSION

1. The clerk shall serve by mail a copy of this order and the amended petition and all attachments thereto (docket nos. 22, 23) upon the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within **sixty days** of

Case No. 16-cv-00207 LHK (PR)
ORDER TO SHOW CAUSE

3

the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the date this order is filed. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and respondent **shall** file with the court and serve on petitioner a reply within **fourteen days** of the date any opposition is filed.

4. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: 11/2/2016

LUCY H. KOH
UNITED STATES DISTRICT JUDGE

Case No. 16-cv-00207 LHK (PR)
ORDER TO SHOW CAUSE

4